IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HY SPRECKMAN & SONS, INC.,      ) | `FILED`                                               YM |

HY SPRECKMAN & SONS, INC.,      )
                               )
       Plaintiff,            )
                               )
      v.                  )
                               )
SONNABEND ENTERPRISES, INC.   )
doing business as ROLY POLY,    )
and JOHN DOES 1-10,        )
                               )
       Defendant,         )

```
FILED
MARCH 25, 2008              YM
08CV1724
JUDGE DOW
MAGISTRATE JUDGE BROWN
```

## NOTICE OF REMOVAL

Defendant, Sonnabend Enterprises, Inc. d/b/a as Roly Poly ("Roly Poly"), through its undersigned attorneys, pursuant to 28 U.S.C. §§1446 and 1453(b), hereby removes the above-captioned action, pending in the Circuit Court of Cook County, Illinois, as Case No. 08 CH 05330 to the United States District Court for the Northern District of Illinois.  Removal is based upon 28 U.S.C. §§ 1331 and 1441.

As grounds for removal, Publication Resources states as follows:

1.    Plaintiff HY SPRECKMAN & SONS, INC., on behalf of itself and purportedly for a class of those similarly situated, filed a complaint with the Circuit Court of Cook County, Illinois (the "State Court Case").  The State Court Case was given Case No. 08 CH 05330.

2.    The State Court Case alleges a violation of the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 ("TCPA"), violation of the Illinois Consumer Fraud Action ("ICFA"), 815 ILCS 505/2, et seq., and a common law claim for conversion.  A true copy of the Complaint, together with its exhibits, and all process and pleadings served is attached hereto as Exhibit A.

1

3.      This Court has jurisdiction over Plaintiff's putative class action because it arises under the laws of the United States, specifically the TCPA.

4.      The State Court Case alleges that Defendant violated §227(b)(1)(C) of the TCPA by sending an unsolicited facsimile.  Plaintiff further alleges that §227(b)(3) provides Plaintiff with a private right of action for violations of the TCPA.

5.      This Court possesses original jurisdiction over all cases arising under the laws of the United States.  28 U.S.C. §1331.  In the State Court Case, Plaintiff seeks recovery under the TCPA, a federal statute.  See, Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449-51 (7th Cir. 2005).

6.      This Court possesses removal jurisdiction under 28 U.S.C. §1441.  TCPA actions may be removed because a claim that a business violated the TCPA is a claim under federal law.  See, Brill at 449.

7.      This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims because they are so related to the TCPA claim that they form part of the same cause or controversy.  See, 28 U.S.C. §1367.  Supplemental jurisdiction should not be refused, as Plaintiff's claims raise no novel or complex issue of state law, nor do Plaintiff's state or common law claims predominate over its federal claim.  See, 28 U.S.C. §1367(c).

8.      Plaintiff filed the State Court Case on February 11, 2008.  On February 26, 2008 Roly Poly, served with the Summons and Complaint in the State Court Case on 08 CH 05330.

9.      As such this notice is being filed with the U.S. District Court for the Northern District of Illinois on March 25, 2008 within 30 days of determining that the case was removable to this Court.  See, 28 U.S.C. §1446(b).

10.    This Court is situated in the district and division serving the location of the action pursuant to 28 U.S.C. §1446(a).

11.    Roly Poly is the only named defendant and the only defendant to have been served.  Purported Defendants "John Doe Nos. 1-10" are unknown even to Plaintiff, and have not been served, nor any other summons issued.

12.    Defendant Roly Poly has also filed its "Notice of Filing Notice of Removal" with the Circuit Court of Cook County.  A true copy of the Notice is attached hereto as Exhibit B and will be served upon Plaintiff's counsel pursuant to 28 U.S.C. §1446(a) and (d).

13.    This Notice of Removal is signed in compliance with Fed. R. Civ. Pro. 11.

14.    In the event Plaintiff moves for remand, or this Court considers remand sua sponte, Roly Poly respectfully requests the opportunity to submit supplemental authority, evidence and argument in support of removal, as may be appropriate.

WHEREFORE, this Action should proceed in the United States District Court for the Northern District of Illinois, as an action properly removed thereto.

DATED: March 25, 2008                         Respectfully Submitted,

                                              SONNABEND ENTERPRISES, INC.
                                              D/B/A ROLY POLY
                                              Defendant,


                                              By:    s/Stephanie W. Tipton
                                                     One of its Attorneys

Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)



**ROLY POLY**

*Purveyor of Fine Sandwiches*
*Soups & Salads*

29 South LaSalle Street
Arcade Place
Chicago, Illinois 60603
(312)920-9800●fax (312)920-0880

To: Stephanie Tipton

Fax: (312)781-6630

From: Regan Sonnabend

Pages: ● 16

Comments: Complaint per our discussions

08CV1724
JUDGE DOW      YM
MAGISTRATE JUDGE BROWN

FEB 27 2008

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
**SUMMONS**

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
**ALIAS - SUMMONS**

CCG N001-10M-1-07-05 (                    )

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT,** Chancery _____ **DIVISION**

(Name all parties)

HY SPRECKMAN & SONS, INC.,

v.

SONNABEND ENTERPRISES, INC., d/b/a ROLY POLY,
and JOHN DOES 1-10,

**SUMMONS**

**08CH05330**

No. _____

Sonnabend Enterprises
d/b/a Roly Poly
c/o Christine K. Tani, registered agent
402 E. Roosevelt Road, Suite 206
Wheaton, IL 60187

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** 802 _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street

City/State/Zip: Chicago, IL 60603

Telephone: 312.739.4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, FEB - 8 2008 , _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT 2·20  05

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(312) _____ (9·40___)
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

HY SPRECKMAN & SONS, INC., )
                               )
        Plaintiff, )
                               )     **08CH05330**
        v. )
                               )
SONNABEND ENTERPRISES, INC., )
doing business as ROLY POLY, )
and JOHN DOES 1-10, )
                               )
        Defendants. )

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff Hy Spreckman & Son, Inc. brings this action to secure redress for

the actions of defendant Sonnabend Enterprises, Inc., doing business as Roly Poly, in sending or

causing the sending of unsolicited advertisements to telephone facsimile machines in violation of

the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud

Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax

advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the

use of its fax machine. The recipient also wastes valuable time it would have spent on something

else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

1

## PARTIES

3.      Plaintiff Hy Spreckman & Son, Inc., is a corporation with offices at 29 East Madison Street, Suite 1201, Chicago, IL 60602, where it maintains telephone facsimile equipment.

4.      Defendant Sonnabend Enterprises, Inc., is a Illinois corporation which generates a "Roly Poly" restaurant at 29 South LaSalle Street, Chicago, Illinois.

5.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

        b.      Have transacted business in Illinois.

        c.      Are located in Illinois.

## FACTS

7.      On January, 18, 2008, plaintiff Hy Spreckman & Son, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.      Discovery may reveal the transmission of additional faxes as well.

9.      Defendant Sonnabend Enterprises, Inc., is responsible for sending or causing the sending of the faxes.

10.     Defendant Sonnabend Enterprises, Inc., as the entity whose products or

2

services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.    Each fax refers to a website used by defendant Sonnabend Enterprises, Inc.

12.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

14.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

16.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

### COUNT I – TCPA

17.    Plaintiff incorporates ¶¶ 1-16.

18.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19.    The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—**

3

> > > (A) an action based on a violation of this subsection or the regulations
> > > prescribed under this subsection to enjoin such violation,
> > >
> > > (B) an action to recover for actual monetary loss from such a
> > > violation, or to receive $500 in damages for each such violation,
> > > whichever is greater, or
> > >
> > > (C) both such actions.
> >
> > If the Court finds that the defendant willfully or knowingly violated this
> > subsection or the regulations prescribed under this subsection, the court
> > may, in its discretion, increase the amount of the award to an amount equal
> > to not more than 3 times the amount available under the subparagraph (B) of
> > this paragraph.

20.     Plaintiff and each class member suffered damages as a result of receipt of

the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore,

plaintiff's statutory right of privacy was invaded.

21.     Plaintiff and each class member is entitled to statutory damages.

22.     Defendants violated the TCPA even if their actions were only negligent.

23.     Defendants should be enjoined from committing similar violations in the

future.

## CLASS ALLEGATIONS

24.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

(b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on

or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of

defendant Sonnabend Enterprises, Inc., promoting its goods or services for sale (d) and who did

not (according to defendant's records) either (i) have an established business relationship with

defendant Sonnabend Enterprises, Inc., or (ii) expressly consent to the receipt of advertising

faxes from defendant Sonnabend Enterprises, Inc., and in either case were also provided an "opt

4

out" notice that complies with federal law.

25.     The class is so numerous that joinder of all members is impractical.

Plaintiff alleges on information and belief that there are more than 40 members of the class.

26.     There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members. The predominant common

questions include:

        a.     Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

        b.     The manner in which defendants compiled or obtained their list of

fax numbers;

        c.     Whether defendants thereby violated the TCPA;

        d.     Whether defendants thereby engaged in unfair acts and practices,

in violation of the ICFA.

        e.     Whether defendants thereby converted the property of plaintiff.

27.     Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

28.     A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

29.    Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

30.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Statutory damages;

c.    An injunction against the further transmission of unsolicited fax advertising;

d.    Costs of suit;

e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

31.    Plaintiff incorporates ¶¶ 1-16.

32.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

6

33.     Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

34.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

35.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

36.     Defendants engaged in such conduct in the course of trade and commerce.

37.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

38.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

39.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

7

CLASS ALLEGATIONS

40.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Sonnabend Enterprises, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Sonnabend Enterprises, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant Sonnabend Enterprises, Inc., and in either case were also provided an "opt out" notice that complies with federal law.

41.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.     Whether defendants thereby converted the property of plaintiff.

43.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

8

might cause them not to vigorously pursue this action.

44.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.     Appropriate damages;

    b.     An injunction against the further transmission of unsolicited fax advertising;

    c.     Attorney's fees, litigation expenses and costs of suit;

    d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

46.     Plaintiff incorporates ¶¶ 1-16.

47.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

48.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

49.     By sending the unsolicited faxes, defendants appropriated to their own use

9

the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

50.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

51.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

52.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

53.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Sonnabend Enterprises, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Sonnabend Enterprises, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant Sonnabend Enterprises, Inc., and in either case were also provided an "opt out" notice that complies with federal law.

54.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

55.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common

10

questions include:

    a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.    Whether defendants thereby violated the TCPA;

    c.    Whether defendants thereby committed the tort of conversion;

    d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e.    Whether defendants thereby converted the property of plaintiff.

56.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

57.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

58.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Appropriate damages;

    b.    An injunction against the further transmission of unsolicited fax

11

advertising;

      c.     Costs of suit;

      d.     Such other or further relief as the Court deems just and proper.

_____

Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\20950\Pleading\Complaint_Pleading.wpd

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A



**ROLY POLY**

*Purveyor of Fine Sandwiches*
*Soups & Salads*

29 S. LaSalle Street•Arcade Place between 19 and 29 S. LaSalle Street
(312)920-9800•fax (312)920-0880
*www.orderrolypoly.com*

# SPECIALS FOR THE WEEK OF
## January 14, 2008

## *Rolled Sandwiches*

**#91 Cajun Chicken Melt:** Sliced Chicken breast, bacon, melted jalapeno
jack cheese, baby spinach, plum tomatoes, onion, green pepper, spicy Cajun
mayo, grilled golden brown, with a side of spicy honey mustard
**#115 Nantucket Lobster Roll:** Fresh dill lobster salad, green leaf lettuce,
plum tomatoes, avocado, alfalfa sprouts

## *Soups*

Baja Chicken Enchilada • Loaded Baked Potato
Old Fashioned Chicken Noodle •Beef Chili with Beans
Broccoli & Cheddar • Harvest Mushroom
**Soups change daily. Check www.orderrolypoly.com**

## *Frozen Yogurt*
Dulce de Leche          Vanilla Bean

# DELIVERY WITH $10.00 MINIMUM ORDER
## NO DELIVERY CHARGE
### *Personalized Catering*
*Sandwich Platters•Salads•Hearty Soups•Boxed Lunches*

### Ordering is easy!
Tell us how many guests you're having and we'll do the rest.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HY SPRECKMAN & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SONNABEND ENTERPRISES, INC. | ) | |
| doing business as ROLY POLY, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendant, | ) | |

```
FILED

MARCH 25, 2008            YM

08CV1724

JUDGE DOW

MAGISTRATE JUDGE BROWN
```

## **NOTICE OF FILING**

TO:   Clerk of the Circuit Court          Daniel A. Edelman
      Cook County, Illinois               Cathleen M. Combs
      Richard Daley Center                James A. Latturner
      50 W. Washington St.                Tara L. Goodwin
      Chicago, IL 60602                   Julie Clark
                                          Edelman, Combs, Latturner & Goodwin, LLC
                                          120 S. LaSalle St., 18th Fl.
                                          Chicago, IL 60603

    PLEASE TAKE NOTICE that on March 25, 2008 the undersigned filed with the Clerk of
the United States District Court for the Northern District of Illinois, Eastern Division, Sonnabend
Enterprises, Inc. doing business as Roly Poly's **Notice of Removal,** a true and correct copy of
which is attached hereto and hereby served upon you.

Dated: March 25, 2008


                              SONNABEND ENTERPRISES, INC.
                              doing business as ROLY POLY,
                              Defendant,


                              By:    s/ Stephanie W. Tipton
                                     One of its Attorneys

Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of the **Notice of Filing** and attached **Notice of Removal** upon:

Clerk of the Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington St.
Chicago, IL 60602

Daniel A. Edelman
Cathleen M. Combs
James A. Latturner
Tara L. Goodwin
Julie Clark
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Fl.
Chicago, IL 60603

by causing copies of same to be placed in the U.S. mail, postage prepaid, this 25th day of March, 2008.


<u>s/Stephanie W. Tipton</u>

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| HY SPRECKMAN & SONS, INC., | ) | FILED |
|  | ) | MARCH 25, 2008          YM |
| Plaintiff, | ) |  |
|  | ) | 08CV1724 |
| v. | ) | 08 CH 05330   JUDGE DOW |
|  | ) | MAGISTRATE JUDGE BROWN |
| SONNABEND ENTERPRISES, INC. | ) |  |
| doing business as ROLY POLY, | ) |  |
| and JOHN DOES 1-10, | ) |  |
|  | ) |  |
| Defendant, | ) |  |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk of the Circuit Court            Daniel A. Edelman
      Cook County, Illinois                Cathleen M. Combs
      Richard Daley Center                 James A. Latturner
      50 W. Washington St.                 Tara L. Goodwin
      Chicago, IL 60602                    Julie Clark
                                           Edelman, Combs, Latturner & Goodwin, LLC
                                           120 S. LaSalle St., 18th Fl.
                                           Chicago, IL 60603

PLEASE TAKE NOTICE that on March 25, 2008 Defendant Sonnabend Enterprises, Inc. doing business as Roly Poly ("Roly Poly") a corporation, filed in the United States District Court for the Northern District of Illinois, Eastern Division, a Notice of Removal of the cause styled: *Hy Spreckman & Sons, Inc. v. Sonnabend Enterprises, Inc. doing business as Roly Poly,* bearing Case No. 08 CH 05330, Circuit Court of Cook County, Illinois, Chancery Division, from Illinois state court to the District Court of the United States for the Northern District of Illinois, Eastern Division, a true and correct copy of which is attached hereto.

PLEASE TAKE FURTHER NOTICE that the filing of the Notice of Removal in the United States District Court for the Northern District of Illinois and the filing of this Notice effect the removal of this action, and the above-captioned action may proceed no further in the Circuit Court of Cook County, Illinois, Chancery Division unless and until the case is remanded.

Dated:  March 25, 2008

                                    Defendant,
                                    SONNABEND ENTERPRISES, INC.
                                    doing business as ROLY POLY

                                    By:
                                         One of its Attorneys

Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

## CERTIFICATE OF SERVICE

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of the **Notice of Filing Notice of Removal** and attached **Notice of Removal** upon:

Clerk of the Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington St.
Chicago, IL 60602

Daniel A. Edelman
Cathleen M. Combs
James A. Latturner
Tara L. Goodwin
Julie Clark
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Fl.
Chicago, IL 60603

by causing copies of same to be placed in the U.S. mail, postage prepaid, this 25th day of March, 2008.

Stephanie W. Tipton